## Bair, Appellant, *v.* Chambers.

*Contract—Undertaker—Burial expenses—Order by daughter for burial of mother.*

In an action by an undertaker to recover the expenses of the burial of the defendant's mother, where the statement avers that the expenses were incurred "at the special instance and request of the defendant," an affidavit of defense is sufficient which sets up that the defendant did not, "and plaintiff well knew that she did not request him" to incur the expenses on her own behalf; that she did not intend to assume a personal responsibility, but was acting as the agent for the representatives of the estate of the deceased, and this the plaintiff well knew when he received the order from her.

In such a case the act of the defendant in performing this necessary duty will be treated as having been made for and in behalf of the estate, although letters had not yet been issued.  Letters of administration, when granted relate back so as to cover and validate acts previously performed in relation to the estate which are so imperatively necessary as funeral expenses.

Argued March 12, 1918.  Appeal, No. 300, Oct. T., 1917, by plaintiff, from order of C. P. No. 3, Philadelphia Co., June T., 1917, No. 270, discharging rule for judgment for want of a sufficient affidavit of defense in case of Oliver H. Bair v. Blanche A. Chambers.  Before Or-

356, (1918).] Statement of Facts—Arguments.
LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX-
LER and WILLIAMS, JJ. Affirmed.

Assumpsit for funeral expenses of a mother, alleged
to have been incurred at the special instance and request
of a daughter.

The defendant filed an affidavit of defense, the ma-
terial portions of which are stated in the opinion of the
Superior Court.

*Error assigned* was order discharging rule for judg-
ment for want of a sufficient affidavit of defense.

*Horace Michener Schell,* for appellant.—Funeral ex-
penses are in the nature of necessaries, and it has been
held that a married woman, under the eighth section of
the Act of April 11, 1848, is liable for the funeral ex-
penses of her mother: Bair v. Robinson, 108 Pa. 247.

It requires no citation of authority for the proposition
that if there is no such legal entity in the law as an
"estate," a person cannot act as agent therefor: Jones v.
Beal, 218 Pa. 182; Philadelphia v. Peters, 57 Pa. Su-
perior Ct. 275.

*E. Spencer Miller,* for appellee.—From the fact that
the attorney for the appellant cites no other case in sup-
port of his assertion that there is a fundamental liability
upon a daughter, independent of contract, to pay her
mother's funeral expenses, we may assume that he was
unable to find such an authority.

On the other hand, we submit many opposed. The
following cases hold that even a mother is not liable for
necessaries supplied to her children when they have
estates: Albert's App., 128 Pa. 613; Strawbridge's App.,
5 Wh. 568; Keough's Est., 16 District Reports 225; Com-
monwealth v. Murray, 4 Binn. 487; Selleck's App., 16
Weekly Notes Cas. 370; Stanton's Est., 13 Philadelphia
213; Levering's Est., 16 Philadelphia 255; Jones' Est.,
19 Philadelphia 228.

But the cases go much further than this. At common law there is no liability upon a mother or even a father, to provide necessaries for a child, if adult, much less on a child as to a parent: Darlington v. Darlington, 5 County Court Rep. 132; Wertz v. Blair County, 66 Pa. 18; Mt. Pleasant Overseer v. Wilcox, 2 Dist. 628; Boyd v. Sappington, 4 Watts 247.

It was clearly proper for Miss Chambers to call in the undertaker. The affidavit shows that she was the only child and her mother a widow: Wynkoop v. Wynkoop, 42 Pa. 293; Fox v. Gordon, 16 Philadelphia 185; Pettigrew v. Pettigrew, 207 Pa. 313.

Letters of administration relates back when equity requires: Leber v. Kauffelt, 5 W. & S. 440; Shoenberger Bros. v. Lanc. Sav. Ins., 28 Pa. 459; Holcomb v. Roberts, 57 Pa. 493; Roberts v. Messinger, 134 Pa. 298.

OPINION BY KEPHART, J., July 10, 1918:

The appellant seeks to recover funeral expenses incurred by a daughter in the burial of her mother. It is admitted that the mother left an estate ample to liquidate these expenses and the issue, as framed by the affidavit, does not involve the question of the liability of the daughter to furnish this attention as being "necessaries" under the law. The plaintiff alleges that "at the special instance and request of the defendant" he prepared for burial and buried Ada E. Chambers and in carrying out his contract incurred the expenses for which this action is brought. The defendant in reply sets up that she did not, "and plaintiff well knew that she did not request him" to incur the expenses on her own behalf; that she did not intend to assume a personal responsibility, but was acting as the agent for the representatives of the estate of the deceased, and this the plaintiff well knew when he received the order from the defendant. Whether or not the defendant contracted to pay these expenses was a question of fact to be submitted to the jury. Apart from the question of a personal contract, it would be en-

tirely proper as between parent and child when the parent dies leaving an estate, to treat the act of the defendant in performing this necessary duty as made for and in behalf of the estate, although letters had not yet been issued. Letters of administration, when granted, relate back so as to cover and validate acts previously performed in relation to the estate which are so imperatively necessary as that for which the expenses are here sued for: Leber v. Kauffelt, 5 W. & S. 440; Shoenberger's Executors v. Lancaster Savings Institution, 28 Pa. 459; Holcomb v. Roberts, 57 Pa. 493; Roberts v. Messinger, 134 Pa. 298.

The appeal is dismissed without prejudice.