# Lowrie v. Dollar Savings & Trust Co., Appellants.

*Executors and administrators—Payment to executor before letters are issued—Ground of executor's authority.*

1. An executor in Pennsylvania has no authority to collect the debts of his testator until the will has been duly probated and letters testamentary issued to him. A payment made to him after the death of the testator and before the issue of letters, is not a good payment to the estate.

2. A man's estate really passes into the hands of the law for administration as much when he dies testate as when he dies intestate, except that, in the former case, he fixes the law of its distribution after payment of debts, and usually appoints the persons who are to execute his will. But even this appointment is only provisional, and requires to be approved by the law before it is complete; and therefore the title to the office of executor is derived rather from the law than from the will.

Argued October 20, 1919. Appeal, No. 109, Oct. T., 1919, by defendants, from judgment of C. P. Allegheny Co., July T., 1917, No. 2121, for plaintiff in case of Ivor M. Lowrie, Administrator of the Estate of Mary Morris, deceased, v. Dollar Savings & Trust Company, Administrator of the Estate of William J. Morris, deceased, with notice to Anna Morris, widow. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Case stated on scire facias sur mortgage. Before SHAFER, P. J.

The court entered judgment for plaintiff on case stated. Defendants appealed.

*Error assigned* was the judgment of the court.

*Robert H. Leitch,* of *Leitch & Adelman,* for appellants. —Under our Pennsylvania cases, it is held that the refusal of the executor to act must be explicitly stated in writing filed in the register's office, even if only by an informal letter. The contrary is also true that, if he does not thus file his refusal, he is presumed to have accepted: Bowman's App., 62 Pa. 166; Com. v. Mateer, 16 S. & R. 416.

Fundamentally an executor derives his authority not from the register of wills, but from the will itself: Miller v. Meetch, 8 Pa. 417; Silverthorn v. McKinster, 12 Pa. 67; Jones v. Wood, 16 Pa. 25; McDowell v. Gray, 29 Pa. 211; Gumaer v. Barber, 182 Pa. 31; Beeber's App., 99 Pa. 596; Ralston's Est., 158 Pa. 645.

*Harry J. Graham,* with him *Albert P. Weitzel,* for appellee, were not heard.

OPINION BY MR. JUSTICE MOSCHZISKER, January 5, 1920:

Ivor M. Lowrie, administrator d. b. n. c. t. a. of the estate of Mary Morris, deceased, is the plaintiff and the Dollars Savings & Trust Co., administrator of the estate of Wm. J. Morris, deceased, with notice to Anna Morris, widow, are the defendants and appellants.

The opinion of President Judge SHAFER succinctly states the case as follows: "The action is scire facias on a mortgage, and the parties have agreed upon a case stated in the nature of a special verdict, from which it appears that one William J. Morris gave to his mother, Mary Morris, in 1891, a mortgage for $6,500, which fell

due in March, 1896; that the mortgagee died in 1892, leaving a will by which she gave her property, one-fourth to her son Thomas R. Morris, one-fourth to William J. Morris, the mortgagor, and the remainder to a daughter and the daughter of a deceased daughter, subject to a life-estate in all her property, real and personal, in her husband, William Morris; she appointed her son Thomas R. Morris, executor. The will was admitted to probate, but Thomas R. Morris never qualified as executor or took out letters testamentary. In October, 1898, an agreement under seal was entered into by W. J. Morris and [all the other heirs], acknowledging that $500 of the principal was paid to Mary Morris in her lifetime, that $2,000 of the principal is the property of T. R. Morris, and there remains due to Mary Morris, or her legal representatives, the sum of $4,000 only. On November 2, 1898, a paper was signed by Thomas R. Morris, and delivered to William J. Morris, which recites that Thomas R. Morris, 'administrator and executor' of the estate of Mary Morris, acknowledged that William J. Morris had paid to him on the mortgage, for the estate of Mary Morris, the sum of $4,000, but that no interest had ever been paid. William Morris, the life tenant, died July 4, 1912. From this statement of facts it appears that the mortgage was overdue more than twenty years when the suit was brought, but the acknowledgment made by W. J. Morris in 1898 is within the twenty years, so that no presumption of payment arises. As all the parties agreed at that time that $2,000 of the mortgage belonged in fact to Thomas R. Morris, and that $500 was paid on the mortgage, the amount which could be claimed is reduced to $4,000. As William Morris, the life tenant, was entitled to the interest on the mortgage during his life, no interest can be claimed until after July 4, 1912. The only remaining question is whether or not the receipt made by Thomas R. Morris, as administrator and executor, is a sufficient discharge of the debt, under the circumstances. We are

clearly of opinion that, whatever may be the rule in England, an executor in Pennsylvania has no authority to collect the debts of his testator until the will has been duly probated and letters testamentary issued to him; further, that a payment made to him, after the death of the testator and before the issue of letters, is not a good payment to the estate. Therefore no defense seems to be shown by the case stated to the claim of the plaintiff for $4,000 with interest from July 5, 1912. As Thomas R. Morris received the moneys for which his receipt is shown he, of course, cannot claim any share of this mortgage on distribution, and as William J. Morris, the mortgagor, is entitled to receive one-fourth of his mother's estate, the payments to be made by him may be diminished accordingly. These matters will have to be adjusted in the orphans' court, and we will have power to control any execution that may be necessary upon this judgment, so as to do justice between the parties. It is therefore ordered that judgment be entered herein for the plaintiff and against the defendant in the sum of $4,000 with interest from July 5, 1912."

In Shoenberger's Executors v. Lancaster Savings Institution, 28 Pa. 459, 465, Mr. Justice LOWRIE well states our law, upon the subject in hand, thus: "The office of executor in Pennsylvania is, of course, very analogous to the office of executor in England, but their duties are not identical; and we always run the risk of error, if we take counsel from English analogies and overlook the instructions of our own statutes. At death, a man's estate really passes into the hands of the law for administration, as much when he dies testate as when intestate; except that, in the former case, he fixes the law of its distribution after payment of debts, and usually appoints the persons who are to execute his will. But even this appointment is only provisional, and requires to be approved by the law before it is complete; and therefore the title to the office of executor is derived rather from the law than from the will."

There are many authorities in Pennsylvania, cited by appellants, for the proposition that executors derive their authority from the will exclusively so far as testamentary powers over real estate are concerned; but these cases are distinguishable on principle from those involving powers of administration over personal assets, which an executor, while named by the testator, nevertheless (as stated in the case which we have just cited) derives from the law rather than from the will. The appointment of one competent to act as executor avails to make him a representative of the estate so far as relates to acts in which he is merely passive, such as receiving notice of the dishonor of a note (Shoenberger's Executors v. Lancaster Savings Institution, supra, 466), but this seems to be as far as our decisions go.

No Pennsylvania case has been cited to us, and we find none, where, as here, the acts of one who never qualified as executor were sustained to the prejudice of those entitled to the assets of the estate; for an interesting discussion of this subject see Fidelity & Casualty Co. v. Freeman, 54 L. R. A. 680, 683, par. 3; also see Jones on Mortgages, 7th ed., vol. II, 550, sec. 959; and, as to the obligation of a mortgagor to ascertain the authority of those to whom he pays, see Woodruff v. Mutschler, 34 N. J. Eq. 33.

Nothing appears in the facts of the present case to work an equitable estoppel against plaintiff.

The assignments of error are overruled and the judgment is affirmed.