## McGovern v. Getter et al.

*Daniel L. McCarthy*, for plaintiff; *Booth & Barthold*, for defendants.

STEWART, P. J., March 16, 1931.—This was a rule to show cause why the statement of claim should not be stricken off. The statement of claim sets forth:

"Marcella L. McGovern, the plaintiff above named, brings this action to recover from the defendants, Samuel L. Getter and Maude E. Fritchman,

executors of the estate of Elizabeth Getter, and Samuel L. Getter and Maude E. Fritchman as the only surviving children of the said Elizabeth Getter, the sum of $316.50," etc.; that Elizabeth Getter, mother of Samuel L. Getter and Maude E. Fritchman, died on November 27, 1929; that on December 9, 1929, letters were issued to Samuel L. Getter and Maude E. Fritchman, executors named in decedent's will; that these parties were the only children of decedent. "That between the 24th day of November, 1929, and the 27th day of November, 1929, Marcella L. McGovern, the plaintiff above named, rendered professional services as an undertaker and embalmer to the said Elizabeth Getter at the special instance and request of the said Samuel L. Getter and Maude E. Fritchman." The brief of the learned counsel for the defendants justifies the present rule by a citation from Golden v. Greenberg, 73 Pitts. L. J. 792, as follows: "A rule to show cause is a convenient method since the adoption of the Practice Act of 1915, to bring matters properly before the court to be disposed of before trial. The abolishment of demurrers and dilatory or special pleas, and in fact all pleas, and to substitute for them a single pleading in the form of an affidavit of defense as required by the Practice Act of 1915, has caused some confusion in bringing matters before the courts, except by a general rule or special order. The rule to show cause is a favorite of Pennsylvania procedure." That is perfectly true where the facts were as in that case, but where, as here, the attempt made is to recover from an estate and from individuals as if they were joint debtors, the proper procedure would have been to file an affidavit of defense under the fourth section of the Practice Act of 1915, and the questions therein raised would be disposed of under section twenty of that act. In the leading case of Rhodes v. Terheyden et al., 272 Pa. 397, which involved joint liability of partners, the syllabus is: "If a statement of claim does not conform to the provisions of the Practice Act of May 14, 1915, P. L. 483, the defendant should move to strike it off, as provided by section 21 of the Act.

"If a statement of claim does conform to the provisions of the Act of 1915, but is not sufficiently specific, the appropriate remedy is a rule for a more specific statement, followed by a motion for a non pros., if the court makes the rule absolute and its order is not complied with.

"The question to be decided under section 20 of the Act of 1915 is not whether a statement is so clear in both form and specification as to entitle plaintiff to proceed to trial without amending it, but whether upon the facts averred it shows, as a question of law, that plaintiff is not entitled to recover.

"Where a doubt exists as to whether or not summary judgment should be entered, this should be resolved in favor of refusing to enter it." That case was followed in Davis v. Hillman, 281 Pa. 150, where there was a discontinuance, and where the practice is fully outlined. In the present case, if a demurrer had been filed, before entering judgment for the defendants we would have permitted the plaintiff to discontinue as to either the estate or the individuals. The reasons assigned for the rule are: First, that the estate, and not the executors, is the primary and only party liable for a burial. It is true that the estate is the primary party liable, but it is not true that it is the only party liable. The second reason is that the obligation entered into on behalf of the estate does not carry with it a personal liability of the agent who entered into said contract. That is true. The third reason is that the orphans' court is the proper court in which to bring claim against the decedent's estate. Of course, the orphans' court has jurisdiction, but it is not an exclusive jurisdiction. The duty of an administrator or executor to bury his decedent is well set forth by Mr. Justice Read in Wynkoop v.

Wynkoop, 42 Pa. 293, 300, as follows: "So universal is the right of sepulture, that the common law, as it seems, casts the duty of providing it, and of carrying to the grave, the dead body decently covered, upon the person under whose roof the death takes place; for such person cannot keep the body unburied, nor do anything which prevents Christian burial; he cannot, therefore, cast it out, so as to expose the body to violation, or to offend the feelings or endanger the health of the living; and for the same reason, he cannot carry the dead body uncovered to the grave: Reg. *v.* Stewart, 12 Ad. & Ellis 773 (40 E. C. L. R.). The executor or administrator must bury the deceased in a manner suitable to the estate he leaves behind him, and such funeral expenses are placed, by an Act of Assembly, in the first class of preferred debts." In Kitchen *v.* Wilkinson, 26 Pa. Superior Ct. 75, the syllabus is: "A decent burial is the right of every one. It is a right springing from the necessity of the case and is recognized in all well ordered communities. Consideration of propriety and public health require that the dead be decently disposed of. This does not imply the right to Christian burial, with the services of a religious organization but to an orderly interment in some suitable place.

"Where a deceased person did not in his lifetime live with his wife, and no executor or administrator has been appointed over his estate, a sister of the deceased has the right to direct and control the burial of his dead body." See, also, Pettigrew *v.* Pettigrew, 207 Pa. 313, and the learned opinion of President Judge Thayer in Fox *v.* Gordon, 16 Phila. 185. Those decisions give the general rule, but if an undertaker is unwilling to take chances on being paid by an estate, and makes a specific and definite contract with the executors that they are to be liable individually, there is nothing in the law that prevents it. If the contract was as stated in paragraph five quoted above, and there was no claim made against the estate, the judgment in this case would be against the individuals, and it would be sustained if the contract was proved. If any authority was needed for that proposition, it would be Bair *v.* Chambers, 70 Pa. Superior Ct. 356. The syllabus in that case is: "In an action by an undertaker to recover the expenses of the burial of the defendant's mother, where the statement avers that the expenses were incurred 'at the special instance and request of the defendant,' an affidavit of defense is sufficient which sets up that the defendant did not, 'and plaintiff well knew that she did not request him' to incur the expense on her own behalf; that she did not intend to assume a personal responsibility, but was acting as the agent for the representatives of the estate of the deceased, and this the plaintiff well knew when he received the order from her.

"In such a case the act of the defendant in performing this necessary duty will be treated as having been made for and in behalf of the estate, although letters had not yet been issued. Letters of administration, when granted, relate back so as to cover and validate acts previously performed in relation to the estate which are so imperatively necessary as funeral expenses." The lower court held that that affidavit was sufficient, and discharged a rule for judgment for want of a sufficient affidavit of defense. Judge Kephart said: "Whether or not the defendant contracted to pay these expenses was a question of fact to be submitted to the jury." If the learned counsel for the plaintiff asks leave to discontinue, either as to the estate or as to the individuals, it will be granted. The present rule must be discharged.

And now, March 16, 1931, rule to show cause why statement of claim should not be stricken off is discharged.

From Henry D. Maxwell, Easton, Pa.