## Beckman, Secretary of Banking, *v.* Owens, Executrix, Appellant.

Argued March 8, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

A. *Floyd Vosburg,* with him *A. A. Vosburg,* for appellant.

*Ellis Berger,* with him *Edward J. Kelly, Horace M. Barba,* Special Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

OPINION BY BALDRIGE, J., April 21, 1939:

This action in assumpsit was brought by a creditor of the decedent against the executrix of the will of E. C. Owens, deceased, who had executed a promissory note upon which there was a balance due on January 15, 1937, the date of his death, of $1,500.

The summons was issued on January 12, 1938, prior to the probate of the will. On the same day, upon petition presented, the register of wills issued a citation directing Mary H. Owens et al. to show cause why the will of the decedent should not be produced for probate. On January 20, 1938, four days before the citation was returnable, the defendant probated the will and letters testamentary were granted to her. The summons was served February 1, 1938. The statement of claim was filed March 2, 1938, and served on the defendant March 7th.

None of the facts, including the amount of the indebtedness, are in dispute. The affidavit of defense filed denied liability on the ground that defendant could not be sued as she had not qualified as executrix at the time suit was instituted. After trial before Judge HOBAN,

sitting without a jury, judgment was entered for plaintiff. This appeal followed.

Section 15(a) of the Act of June 7, 1917, P. L. 447, as amended June 7, 1919, P. L. 412, §1 (20 PS §521), provides that "No debts of a decedent...... shall remain a lien on the real estate of such decedent longer than one year after the decease of such debtor, unless within said period an action for the recovery thereof be brought against the executor or administrator of such decedent ......"

The appellant contends that as no person was qualified to represent the estate at the time suit was commenced, a judgment to bind deceased's real estate cannot be obtained. The appellee takes the position that the foregoing statute does not, by its express terms, require a will to be probated or letters granted before an executor can be named as defendant in a suit by a creditor of the deceased. Both parties cite *Shoenberger's Executors v. Lancaster Savings Institution,* 28 Pa. 459. The testator in that case appointed six executors. Only three qualified and they were granted letters testamentary. Notice of protest of several notes signed by the testator in his lifetime was sent to the other executors who had not qualified and later renounced all rights under the will. The court held that the notice was valid and binding on the estate. In discussing the status of an executor, Mr. Justice LOWRIE said (p. 466):

"But even this appointment is only provisional, and requires to be approved by the law before it is complete; and therefore the title to the office of executor is derived rather from the law than from the will.

"The law, however, allows a man to appoint his executors subject to this approval, and treats them, when appointed, as entitled to the office until they renounce it, if they are not legally incompetent to fill it. If they are competent, their appointment avails to make them representatives of the estate so far as relates to acts

in which they are merely passive, such as receiving notice of the dishonour of a note; for they have immediate power to qualify themselves to act if they choose, and if the occasion demands it. ......

"He who is bound to give such notice, is not in fault in giving it to one who is thus potentially an executor, even though others have already become so actually by taking the oath of office, unless at least he is warned that such notice is not accepted. If the estate suffers from such a notice, it is not the fault of him that gave it."

In *Lowrie v. Dollar Savings & Trust Co.*, 266 Pa. 135, 139, 109 A. 607, the Supreme Court said: "The appointment of one competent to act as executor avails to make him a representative of the estate so far as relates to acts in which he is merely passive, such as receiving notice of the dishonor of a note (*Shoenberger's Executors v. Lancaster Savings Institution*), but this seems to be as far as our decisions go."

It would seem that if receipt of a notice of protest of a note by one who is potentially an executor but did not thereafter qualify is considered a "merely passive" act, notice that suit had been brought by a creditor, served on one named as executrix who was competent to act and in fact did qualify within a few days thereafter, should be similarly regarded. The probating of the will and the qualifying as executrix may be considered as relating back and as tantamount to a ratification of the service made upon her.

In *Bair v. Chambers*, 70 Pa. Superior Ct. 356, 359, a suit was brought to recover funeral expenses of the mother paid by a daughter. The present Chief Justice, then a member of this court, held that "Letters of administration, when granted, relate back so as to cover and validate acts previously performed in relation to the estate which are so imperatively necessary as that for which the expenses are here sued for: [citing cases]."

In *Pomeroy's Appeal,* 127 Pa. 492, 499, 18 A. 4, the Supreme Court did say that it is the probate of a will that gives it effect, but it also said that an executor "derives his authority to act from the will. The granting of letters testamentary by the register of wills is a pro forma act, to give effect to the will of the testator." In *Ralston's Estate-Johnston's Appeal,* 158 Pa. 645, 649, 28 A. 139, the court cited, with approval, the Shoenberger case, stating that "parties, upon whom is a necessity of present action, may proceed on the presumption that [the executor appointed] will accept, and their action is valid until he actually renounces, or they have notice that he will not accept.

An executor, before the granting of letters, may perform not only acts "merely passive," but also those of an imperative nature, for example, he may arrange for burial of decedent if there is no immediate next of kin. It cannot be broadly stated, therefore, that an executor named in a will, under all circumstances, is entirely devoid of authority to represent the estate until the granting of letters.

We are not informed as to the cause of the delay in issuing the citation or in probating the will, but it is apparent that at the time the suit was brought prompt action was necessary for plaintiff to preserve his rights against the estate of the deceased. The executrix did not initiate the action, nor did she attempt to discharge any active duty until after she had qualified. When the officer served the summons, she was entirely competent to act as executrix.

We are of the opinion that on the facts before us this suit was not improperly brought, and that the service on the executrix was valid.

*Thompson et al. v. Peck et al.,* 320 Pa. 27, 181 A. 597; *Brown's Estate,* 131 Pa. Superior Ct. 463, 200 A. 940, and the other cases cited by appellant are not in point as the question now before us was not involved therein. In

the Thompson case, a suit was brought to recover damages for personal injuries after Peck had died. The court held that a dead man cannot be a party to a suit. In the Brown case, a claim was presented against an heir of the estate. A dispute arose over the competency of the vice-president of the trust company, executor, to testify under the Act of May 23, 1887, P. L. 158, regarding the claim. We held that as the testimony related to statements made to him after the death of the decedent, he was competent.

Judgment of the learned court below is affirmed.