## In re Scalzo

*Thomas A. Garvey*, for petitioner.
*Joseph Marzzacco*, for guardian.

LEACH, P. J., September 16, 1940.—Anthony Scalzo left a will purporting to dispose of an estate of $4,500 and named John Cerra as executor. Shortly before the death of the said Anthony Scalzo, Maria Scalzo, his wife,

was adjudged feeble-minded. The executor, acting under the supposed authority of the will and with the consent of the children of Anthony Scalzo, engaged petitioner as undertaker. It was later found that all the property was in the estate by the entireties and belonged to the estate of the feeble-minded person under guardianship. This petition was filed by the undertaker and the children to secure payment of the undertaker's bill by the guardian of the widow.

It has been held, in Pettigrew v. Pettigrew, 207 Pa. 313, that there is no universal rule as to the burial of the dead applicable alike to all cases, but each case must be considered in equity on its own merits, having due regard to the interest of the public, the wishes of decedent, and the rights and feelings of those entitled to be heard by reason of relationship or association. At common law a person in whose house the dead body lay was compelled to give it a Christian burial. The primary duty as to expenses rests upon the estate of the deceased, if there be such an estate. The executor is empowered to perform the necessary duty in behalf of the estate, although letters have not yet been issued. The letters will relate back so as to cover and validate the acts previously performed which are so imperatively necessary: Bair v. Chambers, 70 Pa. Superior Ct. 356, 359.

It has been held that it is the duty of a wife to bury the body of her deceased husband: 8 Am. & Eng. Encyc. 838, citing Fox v. Gordon, 16 Phila. 185, and Cook et al. v. Walley et al., 1 Colo. App. 163. Since The Support Law of June 24, 1937, P. L. 2045, puts the duty of support of a husband on a wife, there would seem to be no doubt as to her duty to bury him.

It is to be presumed that the estate which was transferred by decedent to his wife and himself was earned by him and should be liable for his burial. The act of the executor, joined with the consent of the children who were most interested in the burial, was sufficient warrant to petitioner to bury the body.

Now, September 16, 1940, the prayer of petitioner is granted and petitioner's bill is ordered to be paid by the guardian of the estate of Maria Scalzo, the widow of decedent.