Cavanaugh *v.* Dore et al., Executors, Appellants.

Argued April 28, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*T. F. Ryan,* with him *Thomas P. Mulvaney, Joseph H. Bialas* and *Bialas & Ryan,* for appellants.

*Edward W. Marsh,* with him *John J. Laffey, John C. Bane, Jr.,* and *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY DITHRICH, J., July 17, 1947:

This is a cautionary suit brought by a creditor of Margaret Dore Diggin, deceased, pursuant to section 15 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS 521, as amended. The defendants, nominated as executors in the will, were served with the writ of summons, an appearance de bene esse was entered by their counsel, and a petition presented raising preliminary jurisdictional questions under the Act of March 5, 1925, P. L. 23, 12 PS 672. A rule to show cause was granted and plaintiff filed an answer admitting the essential averments of the petition that the will had been probated by Catherine M. Dore, one of the two named executors and devisees, but that there had been no application for or grant of letters testamentary or of administration on decedent's estate. The rule to show cause came on for argument and, after argument before a court en banc, it was discharged.

In the opinion of the court below "The sole question to be determined here is: Does Section 15 (a) of the Fiduciaries Act . . . require that letters testamentary be granted before the person appointed executor by the decedent can be named in a suit by a creditor of the deceased?"

That *was* the sole question to be determined in the court below and if the learned court had confined itself to a disposition of that question, its order discharging the rule to show cause why the preliminary jurisdictional question should not be sustained would be affirmed in toto. But the court went further than it was required, or had authority, to go and ordered the defendants to answer the statement of claim within thirty days from the date of service of notice of its order. By so doing, it imposed on defendants an active duty.

The legal principle that an executor named in a will but to whom letters have not been granted is competent to act as a representative of the estate so far as relates to acts in which he is merely passive, such as being served with a summons, is well established. *Shoenberger's Exrs. v. Lancaster Savings Institution,* 28 Pa. 459; *Beckman, Sec. of Bkg. v. Owens, Executrix,* 135 Pa. Superior Ct. 404, 5 A. 2d 626.

But it is equally well established that an active duty cannot be imposed upon him without his consent or until he has performed some act which the law regards as sufficient evidence of his acceptance of the trust. *Ralston's Estate. Johnston's Appeal,* 158 Pa. 645, 28 A. 139; *Lowrie v. Dollar Sav. & Tr. Co.,* 266 Pa. 135, 109 A. 607. In the latter case the Supreme Court speaking through Mr. Justice, later Chief Justice, MOSCHZISKER said (p. 139): "The appointment of one competent to act as executor avails to make him a representative of the estate so far as relates to acts in which he is merely passive, such as receiving notice of the dishonor of a note (Shoenberger's Executors v. Lancaster Savings Institution, supra, 466), *but this seems to be as far as our decisions go."* (Emphasis added.)

In the instant case we have not been presented with, nor has diligent research on our part discovered, any decision that would permit us to go any further than is indicated by the Supreme Court in the *Lowrie* case. There can be no serious question that the ordering of defendants to file an affidavit of defense would be imposing upon them the duty of retaining counsel for the purpose of preparing the affidavit of defense and taking such other steps as would be required to see the action through to its conclusion. There would also be imposed upon them the duty of exercising the high standard of care required of a fiduciary in protecting the assets of an estate. Inferentially, at least, appellee admits that the order imposes an active duty on appellants, as she argues that "Fairly construed, the order . . . means

. . . that they cannot continue to remain . . . *inactive* . . ." (Emphasis added.) But "mere inaction and delay" does not empower the court to charge them with any active duty without their consent. "A trusteeship, whether as executor or otherwise, cannot be imposed upon any party, except by his consent, or as a consequence of his own acts": *Ralston's Estate,* supra, page 649.

That portion of the order of court ordering defendants to answer the statement of claim is vacated and the order, as modified, is affirmed.