406 A.2d 550

**Theresa D'ORAZIO, Administratrix of the Estate of Patrick L. Lawler, Deceased, Appellant,**

v.

**LOCUST LAKE VILLAGE, INC. and Locust Lake Village Property Owners Association, Inc.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1978.

Decided June 15, 1979.

Petition for Allowance of Appeal Denied Oct. 2, 1979.

Paul Mark Perlstein, Philadelphia, for appellant.

Bernard M. Billick, Stroudsburg, for appellee Locust Lake Village, Inc.

Donald H. Brobst, Wilkes-Barre, for appellee Locust Lake Village Property Owners Ass'n, Inc.

Before PRICE, HESTER and HOFFMAN, JJ.

PRICE, Judge:

The court below granted summary judgment on the survival action initiated by appellant when it concluded that the applicable two-year statute of limitations had expired prior to appellant's obtaining required letters of administration. For the reasons set forth herein, we reverse the order and remand the case for further proceedings.

The salient facts as found by the court below are these. Patrick L. Lawler, age nine, drowned on July 8, 1973, while swimming in Twin Lakes, Monroe County. The swimming area is allegedly owned and controlled by appellees. On July 10, 1974, Patrick's mother, Theresa D'Orazio, filed a petition for letters of administration with the Delaware County Register of Wills. A bond of $1,000 was required, and on August 14, 1974, it was ordered of the Fidelity and Deposit Company of Maryland. Because Ms. D'Orazio failed to execute the bond, no letters were then issued. Appellant's counsel was alerted to this in December 1976, and subsequently, on January 11, 1977, Ms. D'Orazio signed the bond; letters of administration were then issued. Counsel paid bond premiums in 1974, 1975, and 1976, and therefore assumed that letters had in fact been granted.

On June 11, 1974, a writ of summons was issued naming "Theresa D'Orazio, Trustee, ad litem," plaintiff in a wrongful death and survival action. The complaint, filed on October 24, 1974, named "Theresa D'Orazio, Administratrix of the Estate of Patrick L. Lawler, Deceased," as plaintiff. No formal consent or approval was sought to alter the caption.[1]

---

1. *Appellees suggest that appellant's failure to comply with Pa.R.C.P.*
   *No. 1033 and secure consent or approval to alter the caption on the*
   *complaint, which differed from that on the writ, rendered the com-*
   *plaint a nullity.  Pa.R.C.P. No. 1007 authorizes commencement of an*
   *action by either a writ of summons or a complaint.  Instantly, the*

■ Appellees filed a motion for summary judgment on the survival action, arguing that such an action could be commenced only by the personal representative of a decedent's estate, and that the two-year statute of limitations precluded the action since letters were not acquired until January 11, 1977. The court below refused to find that the letters issued in January 1977, related back to July 10, 1974, the time of the action's commencement.

We find that this case is controlled by *McGuire v. Erie Lackawanna Railway Co.,* 253 Pa.Super. 531, 385 A.2d 466 (1978). In *McGuire,* the father of a high school student, killed at a railroad crossing, filed a petition for letters approximately one and one-half years after the accident. He also paid the filing fee for the issuance of letters; but he failed to post bond. Subsequent to that, but within two years of the accident, he initiated a survival action against the railway. Approximately twenty days after the statute ran, the father returned to the register of wills office and posted the necessary bond; letters were issued. We found that the running of the statute of limitations did not bar the suit.

We recognized in *McGuire* the long-standing rule that all actions that survive a decedent must be initiated by or against the personal representative. *See also, Finn v. Dugan,* 260 Pa.Super. 367, 394 A.2d 595 (1978); *Marzella v. King,* 256 Pa.Super. 179, 389 A.2d 659 (1978); *Lovejoy v. Georgeff,* 224 Pa.Super. 206, 303 A.2d 501 (1973); Act of June 30, 1972, P.L. 508, No. 164, § 2 (20 Pa.C.S. § 3373). The question here, as in *McGuire,* is whether the doctrine of relation-back is applicable, so that appellant's timely initiation of suit, prior to her appointment, may be validated by

complaint was filed within the statute of limitations, and accordingly, could itself have commenced the action. Pa.R.C.P. No. 126 dictates liberal construction of our civil rules to achieve a speedy and fair resolution. Because the statute of limitations period had not yet run, there would have been no problem with substitution of a new cause of action or new party. Clearly, had appellant formally requested permission to amend, she could not have been properly denied it. Accordingly, we find appellees' contention meritless.

her appointment subsequent to the running of the statute of limitations.

Judge Spaeth, writing for the majority in *McGuire,* noted that previous actions validated by the relation-back doctrine apparently rested on a finding of potential benefit which would accrue to the estate. He suggested, however, that our concern should more accurately be whether application of the doctrine "will achieve a just result." 253 Pa.Super. at 531, 535, 385 A.2d at 468. His observation then naturally focused on the ends sought to be achieved by statutes of limitation, and applies with equal force in this case.

"In this case we are persuaded that the objectives sought by the statute of limitations were fulfilled within the statutory period. When the complaint was filed, it represented a timely statement of every element of the claim, except in one respect: the plaintiff appellee had not been formally named administrator. That deficiency, however, was minimal. At the time the complaint was filed, that is, within the statutory period, appellee had applied for letters of administration. Under the provisions of the Decedents, Estates & Fiduciaries Code, Act of June 30, 1972, P.L. 508, No. 164, § 2, 20 P.S. § 3155(b)(3), appellee as decedent's father had a prior right to be appointed; having applied to be appointed, he was unlikely not to pursue his application to completion. Nor had anyone else applied. The only thing that held up the issuance of letters was appellee's failure to post a nominal bond of $1000. While we grant that the bond represents something of a contingency, we nonetheless find that in the circumstances, appellee's appointment as administrator was substantially assured at the time the complaint was filed, that is, within the statutory period of limitations." *Id.,* 253 Pa.Super. at 535, 385 A.2d at 468 (footnote omitted).

Although appellant here was finally granted letters much longer after the statute's running than was Mr. McGuire, this fact does not alter our disposition. The crucial factors are that letters had been requested and the action com-

menced within the statutory period, and appellant's appointment as administratrix, under the circumstances of this case, "was substantially assured at the time the complaint was filed, . . . within the statutory period of limitations." *Id.*

Order reversed and case remanded for further proceedings consistent with this opinion.