Wilkes-Barre General Hospital, Petitioner *v.* George Lesho and Mary Lesho, Administrators of the Estate of Rosemary Lesho et al., Respondents.

George Lesho and Mary Lesho, Administrators of the Estate of Rosemary Lesho *v.* Henry B. Friedman, M.D. et al.
Henry B. Friedman, M.D., Charles E. Meyers, M.D., Associated Internists of Kingston, Petitioners.

George Lesho and Mary Lesho, Administrators of the Estate of Rosemary Lesho *v.* Henry B. Friedman, M.D. et al.
David B. Lucchino, M.D., Petitioner.

Argued September 18, 1981, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Howard M. Levinson, Rosenn, Jenkins & Greenwald,* for petitioner, Wilkes-Barre General Hospital.

*Joseph P. Mellody, Jr., Hourigan, Kluger & Spohrer,* for petitioners, Henry B. Friedman, M.D., Charles E. Meyers, M.D., and Associated Internists of Kingston, P.C.

*Joseph R. Rydzewski,* with him *Paul A. Barrett, Nogi, O'Malley & Harris, P.C.,* for petitioner, David B. Lucchino, M.D.

*Frank J. McDonnell,* with him *Joseph J. O'Brien, Jr., Haggerty, McDonnell and O'Brien,* for respondents, George Lesho and Mary Lesho.

OPINION BY JUDGE MACPHAIL, October 20, 1981:

Our Court has permitted this appeal from an interlocutory order because the order from which the appeal was taken specified that it involved a controlling question of law as to which there was a substantial ground for difference of opinion and because an immediate appeal would materially advance the ultimate termination of the matter. 42 Pa. C. S. §702(b) and Pa. R.A.P. 1311(a).

In the instant case the subject order was issued by Arthur S. Frankston, Administrator of Arbitration Panels for Health Care (Administrator) which order denied motions for summary judgment filed by the Petitioners.[1]

---

[1] Henry B. Friedman, M.D., Charles E. Meyers, M.D., David B. Lucchino, M.D., Associated Internists of Kingston, P.C., and Wilkes-Barre General Hospital.

The relevant facts as set forth in the pleadings are that Rosemary Lesho died June 19, 1977, allegedly as the result of negligent acts of one or more of the Petitioners. Approximately two months later George and Mary Lesho (Leshos) parents of the decedent, filed a petition in the Orphans' Court of Luzerne County to settle their daughter's estate under the provisions of Section 3102 of the Probate, Estates and Fiduciaries Code, 20 Pa. C. S. §3102, which petition was granted. On June 14, 1978, a "Notice Complaint" was filed by the Leshos in the filing office of the Arbitration Panels for Health Care, the caption of which identified the Leshos as "Administrators". On August 14, 1978 the Leshos filed their complaint in the same office identifying themselves in the caption and body of the complaint as individuals and as Administrators of the Estate of Rosemary Lesho. Preliminary objections were filed to the complaint whereupon an amended complaint was filed under the same caption. Thereafter, answers and amended answers were filed which raised, *inter alia,* the issue of the bar of the statute of limitations.

Within the appropriate time period, motions for summary judgment were filed by all defendants (Petitioners here) alleging that since letters of administration had not been applied for nor granted to the Leshos until October 3, 1979, their complaint[2] should be dismissed because not filed within the appropriate statute of limitations.[3] The Administrator denied the

---

[2] The complaint contained two separate causes of action: a wrongful death action and a survival action.

[3] At the time the action was instituted the applicable statute of limitations for a "wrongful death action" was one year and for a "survival action" was two years. It must be noted that Leshos do not agree that the statute of limitations began to run on June 19, 1977 but they urge that we should not address the issue of when the statute began to run in the instant case because the only question before us is the order of the Administrator. We agree.

motions for summary judgment, reasoning that the doctrine of "relation back" applied to the facts of the case. Our task in this appeal is to determine whether the Administrator has ruled correctly. We hold that he has.

Suits by or against an estate must be brought by or against the personal representative of the estate. *Ehrhardt v. Costello,* 437 Pa. 556, 264 A.2d 620 (1970). Simply stated, the doctrine of relation back as applied to cases where an estate is a party means that the courts under certain circumstances will validate the acts of the personal representative of the estate which preceded the date of his official appointment.

While not as well known nor frequently applied as other principles of Pennsylvania law, the doctrine of relation back does have a long history in our courts. One of the earliest cases applying the doctrine in circumstances similar to those now before us is *Leber v. Kauffelt,* 5 Watts & Serg. 440, 446 (1843) where our Supreme Court said:

> [T]he relation back will be admitted for the purpose of supporting the rights of the intestate, and of ratifying acts for the benefit of his estate, and giving a remedy where otherwise there would be none. . . .

The doctrine has remained viable over the years. In *McGuire v. Erie Lackawanna Railway Co.,* 253 Pa. Superior Ct. 531, 385 A.2d 466 (1978) suit was instituted by the decedent's father as administrator. In fact, the father had not been granted letters of administration before suit was filed although he had applied for such letters. Judge SPAETH observed that over the years the courts had restricted the application of the doctrine of relation back to actions beneficial to the estate, but the Judge suggested that a better test was "whether in all the circumstances 'relation back' will achieve a just result". *McGuire,* 253 Pa. Superior Ct.

at 535, 385 A.2d at 468. The issue in *McGuire* was the same as that in the instant case: should the action be barred by the statute of limitations because the plaintiff had not been granted letters of administration until after the statute had run? Judge SPAETH observed that the purposes of statutes of limitations are to expedite litigation so as to avoid stale claims and to promote finality and stability in the law. He then analyzed the complaint before the court and found that notwithstanding the fact that letters had not been granted to the plaintiff until after the statute of limitations had run, all of the objectives of the statute of limitations had been met within the statutory period. Accordingly, the court held that the doctrine of relation back should be applied.

*McGuire* was cited with approval by our Supreme Court in *Estate of Gasbarini v. Medical Center of Beaver County, Inc.,* 487 Pa. 266, 409 A.2d 343 (1979) where it was held that the doctrine should be applied to factual circumstances "on all fours" with those in *McGuire.* And, as one would expect, *McGuire* was also followed in *D'Orazio v. Locust Lake Village, Inc.,* 267 Pa. Superior Ct. 124, 406 A.2d 550 (1979), another case almost factually identical to *McGuire.*

Petitioners urge, however, that the important difference between the *McGuire* case and its progeny and the case now before us is that in each of those cases the administrator had at least *applied* for letters before the statute ran and there was a substantial assurance that the letters would be granted to the person alleging his or her fiduciary capacity in the pleading. For example, in *Lovejoy v. Georgeff,* 224 Pa. Superior Ct. 206, 303 A.2d 501 (1973) the court found the doctrine of relation back inapplicable. The facts of that case were unique. A young boy was injured in an automobile accident. His parents sought to recover their expenses from the operator of the vehicle who had died

the day following the accident, a fact known to the parents of the injured child. Shortly before the statute of limitations would have expired the father of the injured boy caused citations to be issued by the office of the Register of Wills to the parents of the deceased driver notifying them that an application for letters of administration had been applied for by the father of the injured child. The citations gave the parents of the deceased an opportunity to respond. Before the parents responded and prior to the expiration of the statute of limitations, the father of the injured boy instituted suit against the father of the decedent as administrator of the decedent's estate. Within the time permitted by the citations issued to them but after the expiration of the statute of limitations and after suit had been commenced, the mother of the decedent renounced her right to letters and letters were granted to the father. That duly appointed personal representative then filed a motion for summary judgment which was granted. The Supreme Court held that the failure of the plaintiff to have an administrator appointed in the defendant-decedent's estate within the two year statute of limitations barred the action and the doctrine of relation back would not apply.

Several matters must be emphasized concerning *Lovejoy*. First, the estate was being sued and therefore had the doctrine of relation back been applied it would have been to the estate's *detriment*. Second, the court distinguished a lower court case, *Stephenson v. Wildasin Estate*, 48 Pa. D. & C.2d 684 (1969) because the *equities* in *Stephenson* were with plaintiff. Finally, the court pointed out that the purpose of dating back of letters was to validate the acts of the personal representative and not for other purposes.

It is true that in every case cited by counsel, where the doctrine has been applied, an application for letters was made before the statute of limitations ex-

pired. Nevertheless, we feel compelled to apply the doctrine here because our analysis of the *reasoning* used in *McGuire* and reiterated in the *Estate of Gasbarini* demonstrates that it must likewise prevail here. Absolutely nothing was changed in the Leshos' complaint by virtue of letters of administration having been granted to them after the statute of limitations had run. From the time the original complaint was filed, the Petitioners were aware that they were being sued for their alleged negligence resulting in the death of a named decedent. Every element necessary to establish the two causes of action against the Petitioners was set forth in the complaint, including the erroneous fact that the Leshos had been appointed administrators of their daughter's estate. Interestingly, none of the Petitioners' answers specifically denied that the Leshos *were* the administrators of their daughter's estate. It was only when leave was granted for the filing of an amended answer that the issue was raised. It is possible that the Leshos really thought they were the administrators of their daughter's estate because of their previous petition and proceeding before the Orphans' Court of Luzerne County. At the very least, the fact that both parents had been petitioners in that proceeding would discount the possibility of a renunciation by one of them, such as occurred in *Lovejoy, supra.*

In any event, it is our opinion that by permitting the doctrine to apply to the circumstances of this case, the acts of the administrators will have been validated, a just result will have been achieved, the estate will have been benefited and a remedy will not have been lost. Neither will the objectives of the statute of limitations have been disturbed.

Finally, we must add that while prejudice is not a consideration in most cases where the bar of the statute of limitations may apply, the virtue of the "just

result" test becomes more evident when we observe in the instant case that no prejudice has been alleged or demonstrated by the Petitioners by reason of the application of the doctrine of relation back. In fact, we believe there is no such prejudice.

Order affirmed.

### ORDER

AND Now, this 20th day of October, 1981 the order of Arthur S. Frankston, Administrator of Arbitration Panels for Health Care, entered August 29, 1980 denying the motions for summary judgment filed by Henry B. Friedman, M.D., Charles E. Meyers, M.D., David B. Lucchino, M.D., Associated Internists of Kingston, P.C. and Wilkes-Barre General Hospital, is affirmed.