## Cavoulas v. Singh

C.P. of Beaver County, G.D. no. 10315 of 2002.

*William S. Schweers,* for plaintiff.
*Ann M. Wilson,* for defendants.

KUNSELMAN, *P.J.,* November 15, 2005—Before the court are preliminary objections filed on behalf of

defendants Amar J. Singh M.D. and UPMC Beaver Valley.[1] For the following reasons, defendants' preliminary objections will be sustained in part and overruled in part.

The factual and procedural history of this case is as follows. On February 20, 2002, plaintiff, Harry M. Cavoulas, filed a praecipe for a writ of summons against defendants. The writ was captioned as "Harry M. Cavoulas, executor of the estate of Helen Mae Cavoulas, deceased, plaintiff, v. Amar J. Singh M.D., and Aliquippa Community Hospital, defendants." Plaintiff later filed a complaint with the same caption. In this complaint, plaintiff alleged that plaintiff's decedent, his wife, Helen Mae Cavoulas, died on March 2, 2000 due to defendants' alleged negligence. Specifically, plaintiff avers in the complaint that his wife underwent heart catheterization surgery performed by Dr. Singh at Aliquippa Community Hospital on February 28, 2000. Plaintiff also avers that plaintiff's decedent complained of being in pain during the post-procedure period; she was released later that day. Plaintiff further sets forth in his complaint that on March 1, 2000, plaintiff's decedent was taken to the operating room, where he alleges that it was discovered that plaintiff's decedent had necrosis and infarction of the small bowel. Plaintiff avers that his wife passed away early the next morning. In his complaint, plaintiff sets forth one count of negligence against each defendant,

---

1. In the cover page to the preliminary objections filed on behalf of defendants, defendants note that plaintiff has incorrectly identified UPMC Beaver Valley as Aliquippa Community Hospital.

asserting causes of action for wrongful death and surviv-al.[2]

Defendants filed preliminary objections, alleging lack of capacity to sue and failure of pleading to conform to law. Specifically, defendants contend that a will has never been probated and an estate has never been opened for plaintiff's decedent. In support of their contention, defendants attach as exhibit C a letter dated August 26, 2005 from the Beaver County Register of Wills stating that as of that date there was neither an estate nor a death registered for plaintiff's decedent in the Beaver County Register of Wills' office. In sum, defendants argue that because plaintiff is the surviving spouse of plaintiff's decedent, but is not a person that the law recognizes as being a personal representative of the decedent, plaintiff is not a person that the law recognizes as competent to maintain an action. Therefore, defendants assert that the action must be dismissed.

In response, plaintiff argues that the court should apply the doctrine of relation back to validate the complaint. Plaintiff admits that the will of plaintiff's decedent has not been probated. However, plaintiff attaches a copy of plaintiff's decedent's will to his brief in opposition to defendants' preliminary objections. The will sets forth that plaintiff is nominated and appointed to be the executor of the will.

In sum, plaintiff argues that in this case defendants were placed on notice prior to the running of the statute of limitations that an action had been filed against them

---

2. The statute of limitations for both wrongful death and survival actions is two years. 42 Pa.C.S. §5524(2).

by an individual who was named executor of plaintiff's decedent's estate. Thus, plaintiff argues that the doctrine of relation back should operate to ratify post-appointment the commencement of an action by a personal representative of an estate. As such, plaintiff asserts that defendants' preliminary objections should be overruled and plaintiff should be directed to open his wife's estate.

In support of his argument, plaintiff cites *Wilkes-Barre General Hospital v. Lesho,* 62 Pa. Commw. 222, 435 A.2d 1340 (1981) and *Prevish v. Northwest Medical Center,* 692 A.2d 192 (Pa. Super. 1997) for the proposition that a court may validate the filing of a complaint in certain situations where the executor of an estate is appointed after the limitations period has expired. In *Lesho,* the Commonwealth Court held that the Administrator of the Arbitration Panels for Health Care had correctly determined that the principles of relation back applied to the facts of that wrongful death and survival case. 62 Pa. Commw. at 225, 435 A.2d at 1342. In that case, Rosemary Lesho died on June 19, 1977. Approximately two months later the decedent's parents filed a petition in Orphans' Court to settle their daughter's estate; the petition was later granted. On June 14, 1978, the Leshos filed a notice complaint with a caption naming them as "administrators" in the filing office of the Arbitration Panels for Health Care. The Leshos later filed a complaint in the same office on August 14, 1978 wherein they identified themselves in the caption and the body as the administrators of the estate of Rosemary Lesho. After preliminary objections were filed, an amended complaint was filed with the same caption. The defendants later filed motions for summary judgment, asserting that be-

cause letters of administration had not been applied for nor granted until October 3, 1979, the complaint should be dismissed as being untimely as it was not filed within time period allotted in accordance with the statute of limitations. The administrator determined that the doctrine of relation back applied and thus denied the motions for summary judgment.

On appeal, the Commonwealth Court defined the doctrine of relation back as follows: "[s]imply stated, the doctrine of relation back as applied to cases where an estate is a party means that the courts under certain circumstances will validate the acts of the personal representative of the estate which preceded the date of his official appointment." 62 Pa. Commw. at 225, 435 A.2d at 1342. The Commonwealth Court further noted that the doctrine has remained viable over time. *Id.* In analyzing the facts of the case before it, the court reviewed several older cases in which the relation back doctrine was applied. For instance, the court noted that in *McGuire v. Erie Lackawanna Railway Co.,* 253 Pa. Super. 531, 385 A.2d 466 (1978), the issue was the same as in the case before it: "should the action be barred by the statute of limitations because the plaintiff had not been granted letters of administration until after the statute had run?" *Id.* at 226, 435 A.2d at 1342. The Commonwealth Court noted that the Superior Court in *McGuire* determined "that notwithstanding the fact that letters had not been granted to the plaintiff until after the statute of limitations had run, all of the objectives of the statute of limitations had been met within the statutory period." *Id.* Moreover, the *Lesho* court noted that the reasoning in *McGuire* was followed in *D'Orazio v. Locust Lake Village Inc.,* 267

Pa. Super. 124, 406 A.2d 550 (1979) (holding that where the plaintiff had filed a petition for letters of administration and filed suit in a timely manner but had failed to execute the required bond, the doctrine of relation back applied even though the plaintiff was not appointed administratix of the estate until after the expiration of the two-year statute of limitations. *D'Orazio,* 267 Pa. Super. at 128-29, 406 A.2d at 552.) *Id.*

After analyzing the facts of the case before it in relation to the relevant case law, the *Lesho* court concluded:

"It is true that in every case cited by counsel, where the doctrine has been applied, an application for letters was made before the statute of limitations expired . . . . Absolutely nothing was changed in the Leshos' complaint by virtue of letters of administration having been granted to them after the statute of limitations had run. From the time the original complaint was filed, the petitioners were aware that they were being sued for their alleged negligence resulting in the death of a named decedent. Every element necessary to establish the two causes of action against the petitioners was set forth in the complaint, including the erroneous fact that the Leshos had been appointed administrators of their daughter's estate. Interestingly, none of the petitioners' answers specifically denied that the Leshos *were* the administrators of their daughter's estate. It was only when leave was granted for the filing of an amended answer that the issue was raised. It is possible that the Leshos really thought they were the administrators of their daughter's estate because of their previous petition and proceeding before the Orphans' Court of Luzerne County. At the very least,

the fact that both parents had been petitioners in that proceeding would discount the possibility of a renunciation by one of them, such as occurred in *Lovejoy* [*v. Georgeff,* 224 Pa. Super. 206, 303 A.2d 501 (1973)].

"In any event, it is our opinion that by permitting the doctrine to apply to the circumstances of this case, the acts of the administrators will have been validated, a just result will have been achieved, the estate will have been benefited and a remedy will not have been lost. Neither will the objectives of the statute of limitations have been disturbed." *Lesho,* 62 Pa. Commw. at 227-28, 303 A.2d at 1343. (emphasis in original)

Plaintiff further cites *Prevish v. Northwest Medical Center,* 692 A.2d 193, 204-205 (Pa. Super. 1997), which discussed the doctrine of relation back but held that the filing of the complaint in a survival action where the plaintiff was named as the executor after the limitations period had expired did not relate back to the filing of the writ of summons, which named decedent's estate as the plaintiff. In that case, the decedent, Judith A. Bills, was hospitalized under the care of the defendant Dr. Robert Pilewski at defendant Northwest Medical Center from September 11, 1992 until October 15, 1992. The decedent died of unrelated causes on June 12, 1994. On September 8, 1994, the decedent's husband filed suit against the defendants by writ of summons. The caption of the writ listed the plaintiff as "Estate of Judith A. Bills, deceased." Later, on November 18, 1994, the decedent's husband filed a complaint alleging damages for survival due to the negligent treatment by the defendants wherein he identified the plaintiff as "Thomas D. Prevish, executor of the estate of Judith A. Bills, deceased." The complaint

set forth that decedent's husband had been appointed executor on November 15, 1994. Both of the defendants then filed preliminary objections to the complaint. The trial court entered an order sustaining the defendants' preliminary objections and granting the motion to strike. In its opinion, the trial court noted that the writ of summons was filed before the expiration of the statute of limitations, but the complaint was filed after the limitations period had run. The trial court determined that because the estate had no capacity to sue and no personal representative had been designated until after the running of the statute of limitations, the plaintiff could not now amend the complaint. Further, the trial court refused to apply the doctrine of relation back.

On appeal, the Superior Court considered whether the doctrine of relation back should have been applied. First, the court noted: "[i]t is settled law that a decedent's estate cannot be a party to litigation unless a personal representative exists." *Id.* at 200 (quoting *Estate of Gasbarini v. Medical Center of Beaver County,* 487 Pa. 266, 409 A.2d 343 (1979) (other citations omitted)). Specifically, the *Prevish* court noted that "all actions that survive a decedent must be brought by or against the representative of the decedent's estate." *Id.* at 200. (citations omitted) Upon considering the plaintiff's argument that the doctrine of relation back should apply to allow the complaint to be validated, the *Prevish* court noted: "where a plaintiff, acting as the personal representative of an estate, initiates an action before the statute of limitations has run, but also before his or her appointment as personal representative has been finalized, the doctrine of relation back may be applied in appropriate circumstances to

validate the filing of the action, even though the plaintiff's appointment is not finalized until after the limitations period has expired." 692 A.2d at 201. (citations omitted) The Superior Court noted that in contrast to *Lesho* and related cases,

"The writ of summons was the only document filed before the limitations period expired, and its caption identifies the estate of the decedent as the plaintiff. Such a writ is, of course, a nullity. Moreover, the writ does not identify the executor of the estate, nor does it inform the defendants that there is, even potentially, an executor (that is, that the decedent died testate). Concerning the parties' relationship, these facts evidence 'the sort of instability that statutes of limitation seek to preclude.' *McGuire, supra.*

"Appellant has cited no case, and we are aware of none, in which the relation back doctrine was applied to ratify, post-appointment, the attempted commencement of an action by a personal representative whose existence was in no way suggested by the pleading that he filed. We decline to extend the doctrine to encompass such a situation. Accordingly, we affirm the trial court's order dismissing the complaint." *Prevish,* 692 A.2d at 204-205.

In the case at bar, plaintiff's decedent died on March 2, 2000, allegedly as the result of defendants' negligence; plaintiff filed a writ of summons on February 20, 2002, and later filed a complaint on May 27, 2005. The writ of summons and complaint designated the plaintiff as "Harry M. Cavoulas, executor of the estate of Helen Mae Cavoulas, deceased." Paragraph 1 of the complaint states that "[t]he plaintiff is the surviving spouse of the late

Helen Mae Cavoulas, and is the executrix (sic) of the estate." Complaint, paragraph 1. It is undisputed that plaintiff has not applied for letters testamentary nor attempted in any manner to probate his wife's will and open her estate.

The Rules of Civil Procedure provide:

"(a) Except as otherwise provided in clause (b) of this rule, an action for wrongful death shall be brought only by the personal representative of the decedent for the benefit of those persons entitled by law to recover damages for such wrongful death.

"(b) If no action for wrongful death has been brought within six months after the death of the decedent, the action may be brought by the personal representative or by any person entitled by law to recover damages in such action as trustee ad litem on behalf of all persons entitled to share in the damages.

"(c) While an action is pending it shall operate as a bar against the bringing of any other action for such wrongful death." Pa.R.C.P. 2202.

The term "personal representative" is defined as "the executor or administrator of the estate of a decedent duly qualified by law to bring actions within this Commonwealth." Pa.R.C.P. 2201. Further, in accordance with 20 Pa.C.S. §3373, "[a]n action or proceeding to enforce any right or liability which survives a decedent may be brought by or against his personal representative alone or with other parties as though the decedent were alive." 20 Pa.C.S. §3373. Accordingly, a survival action must be brought by a personal representative of a decedent's estate; a wrongful death action must be brought by a

personal representative if it is filed within six months of the decedent's death and by a personal representative or by a person entitled to recover damages by law if the suit is filed after six months following the decedent's death.

In the instant matter, the caption of the writ of summons and complaint along with the body of the complaint set forth that plaintiff is the executor of the estate of Helen Mae Cavoulas. Thus, defendants have been placed upon notice that they are being sued for their alleged negligence resulting in the death of plaintiff's wife, and that plaintiff was the purported executor of his wife's estate. In contrast to the factual scenario in *Lesho,* however, wherein the decedent's parents did not apply for and were not granted letters of administration until after the statute of limitations had expired, in the instant matter plaintiff has not applied for letters of administration. Thus, there is no personal representative "duly qualified by law to bring actions . . . ." This court cannot validate the acts of a personal representative of an estate which preceded the executor's official appointment when there has been no appointment and there is no personal representative. Thus, there is nothing to relate back to.

However, in Pennsylvania, claims pursuant to the Wrongful Death Act and the Survival Act are distinct actions. See *Pezzulli v. D'Ambrosia,* 344 Pa. 643, 26 A.2d 659 (1942). Under Pa.R.C.P. 2202, an action for wrongful death filed after six months of the decedent's death is not required to be brought by the personal representative of the decedent's estate. Pa.R.C.P. 2202(b). Thus, this court will dismiss that portion of the complaint which alleges the survival action; however, pursuant to Pa.R.C.P.

2202, relating to the parties entitled to bring an action for wrongful death, this court will allow plaintiff to amend the caption of the complaint to name plaintiff as trustee ad litem on behalf of all persons entitled to share in any damages awarded in this matter.

Based upon the foregoing, the court enters the following order:

## ORDER

Based on the foregoing memorandum opinion, it is hereby ordered and decreed that defendants' preliminary objections are sustained as to the survival action and overruled as to the action for wrongful death. Plaintiff shall have 20 days from the date of notice of this order to file an amended complaint wherein plaintiff may amend the complaint to name the plaintiff as Harry M. Cavoulas, trustee ad litem in accordance with Pa.R.C.P. 2202(b). The portions of plaintiff's complaint referencing a survival action are stricken.