## Cavoulas v. Singh

C.P. of Beaver County, no. 10315 of 2002.

*William S. Schweers Jr.,* for plaintiff.
*Rebecca J. Maziarz,* for defendant.

KUNSELMAN, *P.J.,* April 18, 2006—This matter is before the court on the defendants' preliminary objections to the plaintiff's second amended complaint. Therein, the defendants contend that the plaintiff lacks the capacity to sue and that the naming of Sandy Cavoulas as executor of the estate of Helen Mae Cavoulas, deceased, is an attempt to substitute a party plaintiff after the statute of limitations has run. In addition, the defendants seek to have a portion of the damage claim stricken. We will grant the defendants' first preliminary objection and dismiss the plaintiff's second amended without leave to amend.

A review of the factual and procedural history is necessary. The plaintiff's complaint alleges that Helen Mae Cavoulas died March 2, 2000, as a result of the defendants' professional negligence. Suit was filed on February 20, 2002, by filing a praecipe for a writ of summons in trespass. The named plaintiff was Harry M. Cavoulas, executor of the estate of Helen Mae Cavoulas, deceased. The complaint which was filed alleged that Harry M. Cavoulas was the surviving husband of Helen Mae Cavoulas and that he was the "executrix (sic) of the estate." The defendants filed preliminary objections alleging that the decedent's will had never been probated and that Harry M. Cavoulas had never been duly appointed as executor of her estate. The defendants' preliminary objections raised questions of lack of capacity to sue and failure of a pleading to conform to law.

The plaintiff admitted that letters testamentary had not been issued to the named plaintiff but attached a copy of the decedent's will which appointed him as executor. The plaintiff then argued that the doctrine of relation back applied to ratify the post-appointment commencement of the action, citing *Wilkes-Barre General Hospital v. Lesho,* 62 Pa. Commw. 222, 435 A.2d 1340 (1981), and *Prevish v. Northwest Medical Center,* 692 A.2d 192 (Pa. Super. 1997). Under the doctrine of relation back, the court will validate the acts of the personal representative which preceded the date of his official appointment under certain circumstances. *Id.*

Because Harry M. Cavoulas had not been duly appointed executor of the estate of Helen Mae Cavoulas, even as of the date of oral argument on those prelimi-

nary objections, we concluded that there was nothing to relate back from, and on November 15, 2005, dismissed the survival action. However, we further concluded that, since the survival and wrongful death actions were separate and distinct actions and since Pa.R.C.P. 2202(b) permits an action for wrongful death filed after six months of the decedent's death to be filed by a party other than the personal representative, we refused to dismiss the wrongful death action. Instead, we granted leave to the plaintiff to amend the complaint to name Harry M. Cavoulas as trustee ad litem on behalf of all persons entitled to share in any damages awarded.

The plaintiff then filed an amended complaint and 11 days later, a second amended complaint. The plaintiff in both amended complaints is Sandy Cavoulas, executrix of the estate of Helen Mae Cavoulas, deceased. In the first amended complaint, she alleges that she is the surviving daughter of Helen Mae Cavoulas and was appointed executrix of her estate by the Register of Wills of Beaver County on November 9, 2005. (The appointment was actually made on November 14, 2005.) The second amended complaint is identical to the first amended complaint except it alleges that Sandy Cavoulas is the surviving niece of Helen Mae Cavoulas. In fact, Harry M. Cavoulas died on May 6, 2005, almost six months before our order authorizing him to amend to sue as guardian ad litem on behalf of all who were entitled to recover under the Wrongful Death Act. Sandy Cavoulas was also appointed executrix of his estate on November 9, 2005.

In her brief in opposition to the defendants' preliminary objections, the plaintiff contends that, since she was appointed the executrix of the estate of Helen Mae Cavoulas on November 14, 2005 and executrix of the estate of Harry M. Cavoulas on November 9, 2005, she may now serve as plaintiff pursuant to the Wrongful Death Act based upon the same rationale found in this court's order of November 15, 2005. No authority is cited for this proposition.

Because the decedent died on March 2, 2000, the statute of limitations would have expired on March 1, 2002. 42 Pa.C.S. §5524(2). When suit was filed on February 20, 2002, by a person who had not qualified as the personal representative of the decedent's estate, it was as if no suit had been filed. No personal representative of the decedent's estate had been duly qualified until November 14, 2005, three years and eight and one-half months after the statute of limitations period expired. Therefore, we properly dismissed the survival action because the court cannot validate acts of a personal representative of an estate which preceded his official appointment when there was no appointment of a personal representative.

We had allowed Harry M. Cavoulas to secure an amendment to pursue the wrongful death action as a guardian ad litem because he had filed suit prior to the expiration of the statute of limitations, albeit as the unqualified executor of his wife's estate. He was the person entitled to any damages to be awarded under the Wrongful Death Act, which created the right of action only for the benefit of the spouse, children or parents of the deceased. 42 Pa.C.S. §8301(b).

Pa.R.C.P. 2202(b) authorized suit to be filed "*by any person entitled by law to recover damages* in such action as trustee ad litem on behalf of all persons entitled to share in the damages." (emphasis supplied) Since the Wrongful Death Act created the right of action only for the benefit of the decedent's spouse, children or parents, suit must be filed by a spouse, child or parent as trustee ad litem. Harry M. Cavoulas was the sole surviving beneficiary of the deceased, Helen Mae Cavoulas, and he also was capable of filing the wrongful death action as trustee ad litem. Had he survived, we would allow him to amend accordingly. *Usner v. Duersmith,* 346 Pa. 494, 31 A.2d 149 (1943). However, by filing the amended complaint by Sandy Cavoulas, executrix of the estate of Helen Mae Cavoulas, deceased, a new party has been added after the statute of limitations has expired, which is not permitted. *Marzella v. King,* 256 Pa. Super. 179, 389 A.2d 659 (1978).

An appropriate order is attached.

## ORDER

For the reasons set forth in the attached opinion, the second amended complaint is dismissed with prejudice.