J-E01003-24                    2025 PA Super 103

| | | |
|---|---|---|
| DENIA EDWARDS, PERSONAL REPRESENTATIVE OF THE ESTATE OF DOUGLAS A. EDWARDS | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| NORFOLK SOUTHERN RAILWAY COMPANY | : : : | No. 826 EDA 2021 |
| Appellant | : | |

Appeal from the Order Entered November 2, 2020
In the Court of Common Pleas of Philadelphia County
Civil Division at No:  181003685

BEFORE:  LAZARUS, P.J., BOWES, J., STABILE, J., DUBOW, J., KUNSELMAN, J., NICHOLS, J., KING, J., SULLIVAN, J., and LANE, J.

DISSENTING OPINION BY STABILE, J.:                    **FILED MAY 13, 2025**

I respectfully dissent.  When a plaintiff files a complaint or writ of summons on behalf of an estate within the applicable statute of limitations but has not yet been appointed as personal representative to do so, the action is considered a legal nullity, unless the plaintiff petitions within the statute of limitations for appointment as the personal representative of the estate[1] and the appointment is substantially assured.  ***See Estate of Gasbarini v. Medical Ctr. of Beaver Cnty.***, 409 A.2d 343, 346 (Pa. 1979) (citing ***McGuire v. Erie Lackawanna Ry. Co.***, 385 A.2d 466, 468 (Pa. Super. 1978)).  The failure to file both the suit and petition for appointment as personal representative within the statute of limitations is fatal to the action.  In the

---

[1] ***See*** 20 Pa.C.S.A. § 3153 (prescribing contents of petition for grant of letters testamentary when decedent dies testate or for grant of letters of administration when decedent dies intestate).

present case, Edwards fulfilled the first condition by filing a complaint prior to the expiration of the statute identifying herself as personal representative of her late husband's estate. She failed, however, to satisfy the second condition by neglecting to file a petition for appointment as personal representative before the statute expired. As a result, the relation back doctrine does not rescue Edwards' action, and the civil action she filed was a legal nullity. The trial court erred by denying Norfolk Southern's motion for summary judgment.

It is well-settled that "a dead man cannot be party to an action, and any such attempted proceeding is completely void and of no effect." ***Prevish v. Northwest Medical Center Oil City Campus***, 692 A.2d 192, 201 (Pa. Super. 1997) (*en banc*). All actions that survive a decedent must be brought by or against the personal representative of the estate. ***Marzella v. King***, 389 A.2d 659, 660-61 (Pa. Super. 1978). An action brought by or against an estate lacking a personal representative is void. ***Prevish***, 692 A.2d at 201.

In limited circumstances, however, courts have applied an exception called the "relation back doctrine" to validate the acts of the personal representative which precede the date of her official appointment. Relation back applies when, before the statute of limitations expires, the plaintiff petitions for appointment as personal representative of the decedent's estate and files an action identifying herself as personal representative. ***Gasbarini***, 409 A.2d at 346-47. Relation back applies even though the personal representative's appointment is not finalized, because her timely petition "substantially assure[s]" her appointment as personal representative. ***Id.***

Here, Edwards filed a complaint within the statute of limitations purporting to identify herself as personal representative, but she failed to petition for appointment as personal representative before the statute expired. She waited two months after the statute expired before moving for appointment as personal representative. Nevertheless, the majority insists that relation back applies to the present case based on its study of *Gasbarini* and decisions from this Court[2] and the Commonwealth Court.[3] *See* Majority Op. at 16-21 (discussion section).

In my view, the majority's analysis runs afoul of our Supreme Court's decision in *Gasbarini*. In *Gasbarini*, the plaintiff filed a complaint or writ of summons within the statute of limitations that identified the plaintiff as the administrator of the decedent's estate. The plaintiff applied for letters of administration **before** the statute expired, but letters were not issued until after the statute expired due to the plaintiff's failure to post a bond. Our Supreme Court held that relation back applied because the plaintiff timely filed a civil action **and** applied for letters within the statutory period. Only because the plaintiff satisfied both factors did the Court decide that her appointment as administrator was "substantially assured" at the time she filed her action. *Id.*, 409 A.2d at 346. The "only" deficiency in the plaintiff's complaint, said

---

[2] Specifically, *McGuire*, *Prevish* and *D'Orazio v. Locust Lake Vill., Inc.*, 406 A.2d 550 (Pa. Super. 1979).

[3] *Wilkes-Barre Gen. Hospital v. Lesho*, 435 A.2d 1340 (Pa. Cmwlth. 1981).

the Supreme Court, "was the fact that she had not been named administratrix of decedent's estate." ***Id.***

In reaching this determination, ***Gasbarini*** found that "the instant case is on all fours" with this Court's decision in ***McGuire***. ***Id.*** In particular, ***Gasbarini*** cited ***McGuire's*** reasoning that (1) prior to the statute of limitations, the plaintiff/administrator's action was timely because she filed her complaint **and** applied for letters of administration, and (2) "the only thing that held up the issuance of letters was [the plaintiff's] failure to post a nominal bond of $1,000." ***Id.*** (citing ***McGuire***, 385 A.2d at 468). The ***Gasbarini*** court held that ***McGuire's*** reasoning was "persuasive." ***Id.***[4]

Applying ***Gasbarini*** to the present case, I conclude that relation back does not apply. Although Edwards filed her complaint before the statute of limitations, she failed to petition for appointment as personal representative during the limitations period. ***Gasbarini*** makes clear that both filing a complaint and applying for letters of administration must take place before

_____

[4] This Court's panel decision in ***D'Orazio*** is congruent with ***Gasbarini*** as well, particularly wherein we stated:

> Although [D'Orazio] was finally granted letters much longer after the statute's running than was Mr. McGuire, this fact does not alter our disposition. **The crucial factors are that letters had been requested <u>and</u> the action commenced within the statutory period**, and appellant's appointment as administratrix, under the circumstances of this case, "was substantially assured at the time the complaint was filed, ... within the statutory period of limitations.

***Id.***, 406 A.2d at 552 (emphasis added).

the statute of limitations expires. Edwards' failure to satisfy the second requisite renders her action a nullity.

The majority removes this second requisite from the law. The majority holds that the only step that Edwards had to take prior to expiration of the statute was to file a complaint in which she labeled herself as "personal representative" of her husband's estate. By doing this, the majority says, Edwards put Norfolk "on notice" that she was bringing the action in her capacity as personal representative. Majority Op. at 18. The majority further states that Norfolk could "proceed on the assumption" that Edwards would eventually seek appointment as personal representative, since "there was no real dispute that Edwards would be appointed as personal representative since she was the named executor in Decedent's will." *Id.* at 19.

This holding cannot be squared with *Gasbarini*.[5] Under *Gasbarini*, an action by an alleged personal representative is a nullity unless she petitions for appointment or actually is appointed before the statute expires. *Id.*, 409 A.2d at 346. Here, prior to expiration of the statute, Edwards did not petition for or obtain appointment as personal representative. She merely labeled herself "personal representative" in the complaint, a self-serving designation that had no legal viability. She had no right to use this term without first petitioning for or securing appointment as personal representative. Contrary to the majority's conclusion, this empty phrase did not place Norfolk "on

---

[5] Nor can it be squared with *McGuire* or *D'Orazio*, which, as discussed above, are both consistent with *Gasbarini*.

notice" that Edwards was bringing this action as personal representative, Majority Op. at 18, or give Norfolk reason to "proceed on the presumption" that Edwards would seek or obtain this appointment. *Id.* at 19.

The majority also relies on *Lesho*, which held that relation back applied even though the personal representative failed to petition for appointment as personal representative prior to the statute of limitations. As a Commonwealth Court opinion, *Lesho* is not binding on this Court but is at most persuasive authority, a point the majority concedes. Majority Op. at 11 n.5. In my view, *Lesho* reached the right result but for the wrong reason. The reason given flies in the face of *Gasbarini*.

In *Lesho*, a wrongful death action, two months after the decedent died, her parents filed a petition in the Orphans' Court to settle her estate under Section 3102 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. § 3102. The petition was granted. Subsequently, the plaintiffs filed a timely complaint in the Arbitration Panels for Health Care identifying themselves as administrators of the decedent's estate. The plaintiffs neither applied for nor were granted letters of administration until after the statute of limitations had run. Nevertheless, the Commonwealth Court held that relation back applied, stating:

> Absolutely nothing was changed in the [plaintiffs'] complaint by virtue of letters of administration having been granted to them after the statute of limitations had run. From the time the original complaint was filed, the [defendants] were aware that they were being sued for their alleged negligence resulting in the death of a named decedent. Every element necessary to establish the two

causes of action against the [defendants] was set forth in the complaint, including the erroneous fact that the [plaintiffs] had been appointed administrators of their daughter's estate.

*Id.*, 435 A.2d at 1343. This passage is unpersuasive because it conflicts with *Gasbarini*, which establishes that the appointment of the personal representative—and her right to prosecute an action on behalf of the estate—is not substantially assured unless she petitions for appointment as personal representative before the statute of limitations expires. When the plaintiff fails to take this step before the statute expires, there is no guarantee that she will ever take this step. Furthermore, under *Gasbarini*, *Lesho's* contention that the complaint made the defendants "aware" that they were being sued for the death of the decedent is entirely irrelevant. *Gasbarini's* focus is upon what the plaintiff does, not what the defendant becomes "aware" of, before the statute expires. Since Edwards failed to petition for or obtain letters before the statute expired, her action is a legal nullity, regardless of whether Norfolk Southern became aware of the action during the limitation period.

In my view, a better reason existed for applying relation back in *Lesho* than the rationale provided by the Commonwealth Court. Long before the statute expired in *Lesho,* the decedent's parents filed a petition in the Orphans' Court to settle their daughter's estate under 20 Pa.C.S.A. § 3102, which petition was granted. Section 3102, pertaining to small estates, provides in part that when any person dies domiciled in the Commonwealth

owning property of a gross value not exceeding $50,000 (excluding certain real estate and other payments), upon petition of any party in interest, the court has the discretion, whether or not letters have been issued or a will probated, to direct distribution of the property to the entitled parties. The decree of distribution constitutes sufficient authority to the world that the persons named therein are entitled to distribution without administration, and it has the same effect as a decree of distribution after an accounting by a personal representative. Essentially, Section 3102 treats successful petitioners as having received letters of administration without formally applying for them. Thus, in **Lesho**, the better reason for applying relation back was because the decedent's parents petitioned for their daughter's small estate distribution before the statute of limitations expired. This rationale is consistent with **Gasbarini**, because like the plaintiff in **Gasbarini**, the decedent's parents in **Lesho** took sufficient action **before** the statute of limitations to substantially assure that an estate would be raised. **Lesho** itself suggests this rationale in dicta wherein it was stated, "[i]t is possible that the [parents] really thought they were the administrators of their daughter's estate because of their previous petition and proceeding before the Orphans' Court. . ." **Id.** at 1343.

The final case cited by the majority, **Prevish**, does not address the issue presently before us. There, several days before the statute of limitations expired, the plaintiff filed a writ of summons that identified the plaintiff as

"Estate of Judith A. Bills, Deceased." The writ failed to identify the plaintiff as the executor of the estate. As such, the writ was a nullity, because actions cannot be brought by dead men or by estates lacking a personal representative. *Id.*, 692 A.2d at 201. After the statute expired, the plaintiff filed a complaint identifying himself as the executor of the estate. The record was "unclear" as to when the plaintiff applied for letters testamentary or when they were issued. *Id.* at 205 n.2 (Schiller, J., concurring).[6] This Court held that relation back did not apply because the only document filed before the statute expired, the writ of summons, was a nullity that failed to identify the executor or notify the defendants that there was, even potentially, an executor. *Id.* at 204. This omission created "the sort of instability that statutes of limitation seek to preclude." *Id.* at 205.

*Prevish* involved a different issue than the present case. The issue before us is whether relation back applies due to Edwards' failure to apply for or obtain appointment as personal representative within the statute of limitations. The issue in *Prevish* was whether relation back applied under different circumstances, namely when a timely filed writ of summons failed to identify the plaintiff as personal representative of the estate. All that *Prevish* said about the issue before us was that the record was "unclear" when the plaintiff moved for letters testamentary. *Id.* at 205 n.2. Because *Prevish*

_____

[6] The majority opinion in *Prevish* was silent on when the plaintiff applied for or obtained letters.

does not speak to the issue that concerns us, I believe the majority's reliance upon **Prevish** is misplaced.

None of the cases relied upon by the majority support the application of relation back to this action. Edwards was not the personal representative of the estate at the time she filed this action, and she failed to cure this defect by filing a petition within the statute of limitations for appointment as personal representative. Thus, her action is a legal nullity and is not rescued by the relation back doctrine. Relation back does not cure the lack of a personal representative—the defect that otherwise renders the action a nullity—unless the plaintiff takes a sufficient step **during** the limitations period to ensure that an estate is raised. When, as here, the plaintiff fails to take any step to raise an estate until after the statute of limitation expires, relation back cannot be used to breathe life back into the plaintiff's lawsuit.

Since relation back doctrine does not apply to this case, the trial court should have granted summary judgment to Norfolk Southern. I respectfully submit that the proper course of action is to reverse the trial court's order denying summary judgment to Norfolk Southern and remand with instructions to enter summary judgment in its favor.

Judge Sullivan concurs in the result.