J-E04002-24        2025 PA Super 138

| | | |
|---|---|---|
| ANN MARIE SWATT, PERSONAL REPRESENTATIVE OF THE ESTATE OF MADLYN BLUSIUS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 1506 MDA 2021 |
| | : | |
| NOTTINGHAM VILLAGE, NOTTINGHAM MANAGEMENT, LLC, NOTTINGHAM VILLAGE RETIREMENT CENTER, LLC, NOTTINGHAM VILLAGE HEALTHCARE SERVICES, INC., LEEDS HEALTHCARE SERVICES, INC., SYNERGY GRANDVIEW PHARMACY, LLC AND FREDERICK KESSLER | : | |

Appeal from the Order Entered October 12, 2021
In the Court of Common Pleas of Northumberland County Civil Division at
No(s): CV-2014-00830

| | | |
|---|---|---|
| JANICE HAWBAKER, ESQ., EXECUTRIX OF THE ESTATE OF MADLYN BLUSIUS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 1507 MDA 2021 |
| | : | |
| NOTTINGHAM VILLAGE, NOTTINGHAM MANAGEMENT, LLC, NOTTINGHAM VILLAGE RETIREMENT CENTER, LLC, NOTTINGHAM VILLAGE HEALTHCARE SERVICES, INC., AND LEEDS HEALTHCARE SERVICES, INC. | : | |
| | : | |
| APPEAL OF: ANN MARIE SWATT, PERSONAL REPRESENTATIVE OF THE ESTATE OF MADLYN BLUSIUS | : | |

J-E04002-24

Appeal from the Order Dated October 12, 2021
In the Court of Common Pleas of Northumberland County Civil Division at
No(s): CV-2014-00005

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., STABILE, J., DUBOW, J.,
KUNSELMAN, J., MURRAY, J., KING, J., SULLIVAN, J., and BECK, J.

CONCURRING OPINION BY LAZARUS, P.J.:          **FILED: JULY 2, 2025**

I concur in the result reached in the Majority Opinion, as well as in the rationale supporting that result. I write separately to briefly address the Appellant's assertion that the relation back doctrine should apply to render her survival claims timely.

Briefly, Attorney Hawbaker, then the duly-appointed executrix of Madlyn Blusius' will, commenced a timely action via writ of summons on January 2, 2014, three days before the expiration of the statute of limitations on a survival action.[1] After a dispute arose over who should administer the estate, on April 11, 2014, the Orphans' Court appointed Elizabeth as "Administratrix pro tem" for the sole purpose of pursuing any causes of action against the nursing home or other skilled-care providers who provided services to Blusius between January 1, 2004, and the date of her death. On April 16, 2014, the trial court in the ***Hawbaker*** matter granted Attorney Hawbaker an extension

_____

[1] The Medical Care Availability and Reduction of Error Act, 40 P.S. §§ 1303.101–1303.910, establishes a two-year statute of limitations for medical professional liability cases in the form of wrongful death or survival actions, which accrues at the time of the decedent's death. ***Dubose v. Quinlan***, 173 A.3d 634, 635 (Pa. 2017). Here, Blusius died on January 5, 2012. Accordingly, any survival action needed to be filed on or before January 5, 2014.

- 2 -

of time, until May 14, 2014, within which to file a complaint. On May 13, 2014, Elizabeth's attorney, Attorney Kilgus, filed a complaint, naming Elizabeth as plaintiff in her individual capacity. The complaint, which did not reference the *Hawbaker* docket number, made no mention of Elizabeth's role as Administratrix pro tem. *See* Complaint, 5/13/14, at 1 (caption identifying plaintiff as "Elizabeth Jane Swatt;" paragraph one identifying Elizabeth Swatt only as "an adult individual[.]"). The trial court ultimately granted summary judgment against Appellant as to the survival action, concluding it was time-barred. Appellant now argues that the filing date of Elizabeth's complaint should relate back to the timely writ of summons filed by Attorney Hawbaker on January 2, 2014.

Generally, "all actions that survive a decedent must be brought by or against the personal representative" and "a decedent's estate cannot be a party to litigation unless a personal representative exists." *Salvadia v. Askbrook*, 923 A.2d 436, 440 (Pa. Super. 2007) (citation omitted). The relation back doctrine, however, will sometimes be applied as an exception to the general rule. As we have explained:

> Simply stated, the doctrine of relation back as applied to cases where an estate is a party means that the courts under certain circumstances will validate the acts of the personal representative of the estate [that] preceded the date of [her] official appointment. Thus, where a plaintiff, acting as the personal representative of an estate, initiates an action before the statute of limitations has run, but also before [] her appointment as personal representative has been finalized, the doctrine of relation back may be applied in appropriate circumstances to validate the

filing of the action, even though the plaintiff's appointment is not finalized until after the limitations period has expired.

*Prevish v. Northwest Med. Ctr. Oil City Campus*, 692 A.2d 192, 201 (Pa. Super. 1997) (en banc) (internal quotations and citations omitted; emphasis added). A key factor in those cases applying the doctrine is that there exists "substantial assurance that the letters would be granted to the person alleging his or her fiduciary capacity in the pleading." *Wilkes-Barre Gen. Hospital v. Lesho*, 435 A.2d 1340, 1342 (Pa. Cmwlth. 1981).[2]

The relation back doctrine is clearly inapplicable under the facts of this matter. Generally, in cases in which the doctrine has been applied, the plaintiff has filed a complaint within the statute of limitations, but before her appointment as personal representative has been finalized.[3] Once the appointment is official, the doctrine applies to validate the acts of the personal representative that occurred prior to her appointment. *Prevish*, *supra*. In contrast, here, there was a timely writ of summons filed by the then-personal

_____

[2] "Commonwealth Court decisions do not bind this Court, but we may consider them as persuasive authority." *Cuth v. Cuth*, 263 A.3d 1186, 1191 n.5 (Pa. Super. 2021) (citation omitted).

[3] *See, e.g.*, *McGuire v. Erie Lackawanna Ry. Co.*, 385 A.2d 466 (Pa. Super. 1978) (applying doctrine where plaintiff, who filed complaint within statutory period, had paid filing fee for letters of administration but letters had not yet issued due to failure to post required bond; this Court concluded plaintiff's appointment as administrator was "substantially assured" at time of filing complaint); *D'Orazio v. Locust Lake Vill., Inc.*, 406 A.2d 550 (Pa. Super. 1979) (applying doctrine where, prior to running of statute of limitations, plaintiff filed petition for letters of administration and complaint naming self as administratrix; after statute ran, plaintiff learned letters never issued because she did not execute bond; Court concluded plaintiff's appointment was "substantially assured" at time of filing complaint).

representative of the Blusius estate, Attorney Hawbaker. Thus, for her complaint to be considered timely, all Elizabeth had to do was file the complaint under the existing **Hawbaker** docket number, substituting herself—in her fiduciary capacity as Administratrix pro tem—as plaintiff. **See** Pa.R.C.P. 2352 (successor may become party to pending action by filing statement of material facts on which right to substitution is based). She did not do so. Instead, she submitted a complaint with a blank docket number naming herself—in her individual capacity—as plaintiff, added new defendants, paid a new-action filing fee, and effected original service of process on all defendants, including the nursing home, which had already been served with the **Hawbaker** writ of summons.

Despite Appellant's efforts to shoehorn the facts of this case to fit into the relation back doctrine, the doctrine is simply inapplicable. Rather, the dismissal of Appellant's survival claims is the direct result of the actions taken by Elizabeth's counsel in the filing of the May 13, 2014 complaint.

PJE Panella and Judges Dubow, Kunselman, Murray and Sullivan join this Concurring Opinion.