**BOLITHO v. BUCH EXP., Inc.**

No. 12169.

United States District Court
E. D. Pennsylvania.
March 24, 1952.

Richter, Lord & Farage, Philadelphia, Pa., for plaintiff.

Meyer, Lasch, Hankin & Poul, Philadelphia, Pa., for defendant.

WELSH, District Judge.

On June 21, 1950, one William K. Bolitho met his death as a result of an automobile collision. On April 26, 1951, his widow, Vera Bolitho, brought this action under the Acts of 1855 and 1937, 12 P.S.Pa. §§ 1602, 1603, 20 P.S.Pa. c. 3, Appendix, § 772, to recover damages for the alleged wrongful death. The action, according to the caption of the complaint was brought by the widow, Vera Bolitho, in her capacity as Administratrix of the estate of William K. Bolitho, deceased. It is conceded however, that on or about the date the action was commenced one Delbert Bacon was the General Administrator of the estate of William K. Bolitho, deceased, and Vera Bolitho, the widow, was the Administratrix ad prosequendum. For present purposes then we will treat the present action as having been commenced by the widow in her capacity of Administratrix ad prosequendum.

On September 4, 1951, the widow, Vera Bolitho, was appointed General Administratrix by the Surrogate of Hudson County, New Jersey—Delbert Bacon having renounced his right as said officer several days prior thereto.

In due course a motion to dismiss the action was filed by the defendant and a motion to amend to bring in Vera Bolitho, the widow, in her capacity as General Administratrix as an additional party plaintiff was filed by the plaintiff. In an opinion dated November 15, 1951, 12 F.R.D. 189, this Court granted defendant's motion to dismiss with respect to the cause of action brought under the Act of 1855 and denied it with respect to the cause of action brought under the Act of 1937 and granted plaintiff's motion to amend to bring in Vera

246

Bolitho, the widow, in her capacity of General Administratrix as an additional party plaintiff with respect to the cause of action brought under the Act of 1937.

Following the foregoing opinion a motion for re-argument was filed by the plaintiff. The Court granted that motion, and the plaintiff now requests the Court to deny defendant's motion to dismiss heretofore granted with respect to the cause of action brought under the Act of 1855.

It will be observed that it was the widow —irrespective of her capacity—who commenced the present action. And it is the widow who is legally entitled to first claim to the appointment by the Surrogate of Hudson County, New Jersey of General Administratrix. Admittedly, on or about the date she instituted this action the widow had not acquired the status of General Administratrix of her deceased husband's estate, but it should be pointed out that she subsequently acquired that status. Under such circumstances the applicable Pennsylvania law, we think, is clear.

■ A person entitled to letters of administration may act for the benefit of the estate even before taking out letters. See Leber v. Kauffelt, 5 Watts & S. 440; Holcomb v. Roberts, 57 Pa. 493. In the latter case, a widow was held entitled to sue as administratrix although she had not taken out letters when defendant interfered with her attempts to dispose of the intestate's property.

■ Recent cases reiterate that letters of administration, when granted, relate back so as to validate acts previously performed as necessary for proper administration of the estate. In re Purman's Estate, 334 Pa. 238, 5 A.2d 906; Pennsylvania Trust Co. of Scranton v. Owens, 135 Pa. Super. 409, 5 A.2d 628; Holcomb v. Roberts, supra.

■ Application of the foregoing law to the facts of this case warrants the conclusion that the effect of the widow's appointment of General Administratrix of her deceased husband's estate validated her prior act of commencing this action in the belief on her part that said action was necessary for the proper administration of the estate.

We do not think that our conclusion is affected by the fact that on the date this action was commenced by the widow one Delbert Bacon was the General Administrator. Nor do we think it is affected by the fact that on the date the widow instituted this action there was no diversity of citizenship between Delbert Bacon, who was then the General Administrator, and the defendant.

Accordingly, defendant's motion to dismiss heretofore granted with respect to the cause of action brought under the Act of 1855 will be denied. It follows that plaintiff's motion to amend to bring in Vera Bolitho in her capacity of General Administratrix as an additional party plaintiff heretofore denied with respect to the cause of action brought under the Act of 1855, will be granted.

An order in conformity with the foregoing opinion will be prepared and submitted.