Frances Irene **PFLUGH**, Administratrix of the Estate of Charles R. Pflugh, deceased, Plaintiff,

v.

**UNITED STATES of America,** Defendant.

Civ. No. 11561.

United States District Court. W. D. Pennsylvania.

Sept. 29, 1954.

608

Pa. R. Co., D.C., 74 F.Supp. 808, this case was reversed on other grounds, 3 Cir., 170 F.2d 121; In re Purman's Estate, 334 Pa. 238, 5 A.2d 906.

 In view of the foregoing, since the action was filed by the widow as administratrix of the estate of her husband within the two year period provided by the Federal Tort Claims Act, the motion to dismiss is refused.

An appropriate order is entered.

---

John L. Laubach, Jr. (of Rose, Rose & Houston), Pittsburgh, Pa., for plaintiff.

D. Malcolm Anderson, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this action under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., the Government moves to dismiss the proceeding on the ground that the action was not properly instituted by a duly appointed representative of the Estate of Charles R. Pflugh as provided by the Act.

The accident occurred on July 23, 1951, and on July 7, 1953 Frances Irene Pflugh filed the action against the United States of America as Administratrix of the Estate of Charles R. Pflugh, her deceased husband. At the time the action was filed she was not duly appointed as the Administratrix of the Estate of her husband, said appointment not being made in accordance with the provisions of the law of the Commonwealth of Pennsylvania until October 7, 1953. Under the facts in this case, the statute of limitations is two years after the cause of action arises. 28 U.S.C.A. § 2401(b).

 Since the deceased husband was a resident of the Commonwealth of Pennsylvania at the time of his death, the law of Pennsylvania controls as to the appointment of the representative of his estate.

 Under Pennsylvania law a person entitled to letters of administration may act for benefit of an estate even before taking out letters, and letters of administration, when granted, relate back so as to validate acts previously performed as necessary for proper administration of the estate. Bolitho v. Buch Exp., Inc., D.C., 14 F.R.D. 245; McGlothan v.